U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

JAN 10 2011

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KEITHON EARL BOGAN                                                              PLAINTIFF

v.                                    Civil No. 11-5010

FAYETTEVILLE POLICE DEPARTMENT;
POLICE OFFICER T. SHEPHERD;
POLICE OFFICER B. POTTER; and PROSECUTING
ATTORNEY JOHN THREET                                                          DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Keithon Earl Bogan (hereinafter Bogan), an inmate in the Washington County Detention Center, Fayetteville, Arkansas, has submitted for filing this civil rights action pursuant to 42 U.S.C. § 1983. He has also submitted a motion to proceed *in forma pauperis* (IFP).

The case is currently before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). For the reasons stated below, it is my recommendation that Plaintiff's *in forma pauperis* application be denied and his complaint be dismissed.

### Background

According to the allegations of the complaint, on November 14, 2010, a traffic stop was executed on Bogan by Fayetteville Police Officers T. Shepard and B. Potter. Bogan was advised that the officers had been "sent on a call for an armed person and that I was suppose to be the armed person." Bogan and his vehicle were searched but no weapon was found. Bogan was then placed

under arrest for Driving While Intoxicated (DWI).

Once it was discovered that he was not armed, Bogan maintains he should have "been released then pulled back over" for DWI. According to Bogan, the "police can't stop you for one thing and then arrest you for something else."

On December 19, 2010, Bogan asserts he wrote a letter to Prosecuting Attorney John Threet asking him to file a restraining order against certain police officers on the grounds that they were "harassing me ever[y] time they see me." Bogan alleges that Threet has failed to honor his request.

As relief, Bogan asks that he be granted immediate release from confinement "upon final disposition of" his case. He also seeks monetary damages for the "wrongful arrest" and "false imprisonment." Finally, he asks for his "entire criminal history" to be expunged.

## Discussion

As mentioned above, Bogan is an inmate of the Washington County Detention Center. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

In reviewing an *in forma pauperis* application, there is a two step process followed by the Court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). *See also* 28 U.S.C. § 1915A(b)(on review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief); 28 U.S.C. § 1915(e)(2)(B)(i-iii).

In his motion to proceed IFP, Plaintiff states he has no assets, other than an eleven year old vehicle, has no cash in any checking or savings account, and is not employed. The records from the Washington County Detention Center show his monthly balance averages thirty dollars and his current balance is two cents. The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for IFP status.

However, the claims are clearly subject to dismissal as they are frivolous, fail to state claims upon which relief may be granted, or are asserted against individuals immune from suit. First, the claims against the Fayetteville Police Department are subject to dismissal. The police department is a building and not a person or a legal entity subject to suit under § 1983. See e.g., Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992)("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); Powell v. Cook County Jail, 814 F. Supp. 757 (N.D. Ill. 1993)(jail not subject to suit); Marsden v. Fed. Bureau of Prisons, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit"); In re Scott County Master Docket, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987)(sheriff's department is not a legal entity subject to suit), aff'd, Myers v. Scott County, 863 F.2d 1017 (8th Cir. 1989).

Second, to the extent Bogan's claims are based on the refusal of the prosecutor to file a restraining order against the police officers or to bring criminal charges against them, the claims fail. A private citizen has no right to institute criminal prosecution. See Diamond v. Charles, 476 U.S. 54, 64-65 (1986); In re Kaminski, 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989).

Third, Threet, a prosecuting attorney, is immune from suit for damages. The United States Supreme Court, in Imbler v. Pachtman, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages "in initiating a prosecution and in presenting the State's case." Id., at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." Id., at 430. See also Buckley v. Fitzsimmons, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity. A prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear Threet is entitled to absolute immunity. See Reasonover v. St. Louis County, Mo, 447 F.3d 569, 580 (8th Cir. 2006)(Even if the prosecutor knowingly presented false, misleading, or perjured testimony or withheld exculpatory evidence, he is absolutely immune from suit).

To the extent Bogan's complaint seeks injunctive relief, I find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, see Pulliam v. Allen, 466 U.S. 522 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Bogan does not allege any facts to suggest that the alleged illegal conduct will recur. Further, injunctive relief is not appropriate where an adequate remedy under state law exists. Id., 466 U.S. at 542 & n.22; see also Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975). Bogan can raise these issues in the ongoing state criminal case.

Moreover, Bogan's false arrest and false imprisonment claims are not cognizable at this time. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id., at 486-87.

The rationale of Heck has been applied to § 1983 complaints filed while the criminal charges are pending. See e.g., Smith v. Holtz, 87 F.3d 108, 113 (3d Cir. 1996). In Smith, the Third Circuit stated:

> We find that [the *Heck*] concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge. A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on a pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871. If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter.

Id.

## Conclusion

For the reasons stated, I recommend that the IFP application be denied and the complaint be dismissed. The claims asserted are frivolous, fail to state claims upon which relief may be granted, are asserted against individuals immune from suit, or are not presently cognizable. 28 U.S.C. § 1915A(b). The dismissal of this case will count as a strike under the provisions of the Prison Litigation Reform Act. See 28 U.S.C. § 1915(g). The clerk should be instructed to enter a § 1915(g) strike flag on the case.

**Bogan has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Bogan is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of January 2011.

                                            /s/ Erin L. Setser
                                            HON. ERIN L. SETSER
                                            UNITED STATES MAGISTRATE JUDGE